IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 13 PM 2:08

Robert R. Di Trolio
CLERK, U.S. DIST. CT.
W. D. OF TN, MEMPHIS

| | | |
|---|---|---|
| MELODY A.E. WINTERS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2003-Ma/P |
| JOHN W. SNOW, | X | |
| Defendant. | X | |

ORDER DENYING MOTION FOR CLASS CERTIFICATION

On January 6, 2004, plaintiff Melody A.E. Winters filed a *pro se* employment discrimination complaint alleging acts of discrimination and reprisal during her employment with the United States Department of the Treasury. The Court issued an order on January 23, 2004 that, <u>inter alia</u>, denied appointment of counsel, dismissed all parties except John W. Snow, the Secretary of the Treasury, and authorized service on the remaining defendant. After defendant filed his answer and the Court issued a scheduling order, plaintiff filed a motion on July 30, 2004, asking for an extension of her time to pursue joinder of parties and the filing of amended pleadings. In her motion, plaintiff indicated, <u>inter alia</u>, that she sought to pursue this case as a class action. Defendant filed his response in opposition to the motion on August 3, 2004. Magistrate

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 6-13-05

34

Judge Tu M. Pham issued an order on September 2, 2004 extending the plaintiff's time to file a motion to join parties or amend the pleadings through September 15, 2004.

On September 15, 2004, plaintiff filed a motion, pursuant to Fed. R. Civ. P. 19(a)(1), requesting the joinder of four employees of the Internal Revenue Service in Memphis, "all other persons known or unknown who claim an interest in this matter," the National Treasury Employees Union, and the EEOC, MSCC. The defendant responded to the motion on September 28, 2004 in which he noted, <u>inter alia</u>, that "[i]t appears that Plaintiff names individuals that may be witnesses in this matter and not individuals who should be joined as parties to this litigation." After a hearing, Magistrate Judge Pham issued an order denying plaintiff's motion on October 19, 2004.

On November 10, 2004, plaintiff filed a motion seeking an extension of time to file a motion seeking class certification. Judge Pham issued an order on November 18, 2004 denying the motion without prejudice due to the plaintiff's failure to comply with Local Rule 7.2(a)(1)(B). Plaintiff filed an amended motion, accompanied by a certificate of consultation, on December 28, 2004. Judge Pham issued an order on January 6, 2005 granting the plaintiff until February 22, 2005 to file a motion seeking class certification.

2

Plaintiff filed a memorandum of law in support of class certification on February 22, 2005. She seeks to represent classes consisting of all individuals who

1. are African American and who applied for, are employees of, or were employed by the Internal Revenue Service MSCC, Memphis, Tennessee and who were subjected to harassment, discrimination, and adverse employment actions including, but not limited to, being denied promotions and raises, being denied the opportunity to be detailed to other positions for which they qualify, being furloughed without consideration of seniority (before or instead of Caucasians), being reprimanded and terminated, being forced into resignations, etc.; and

2. are individuals with disabling conditions (regardless of racial classification) who applied for, are employees of, or who were employed by the Internal Revenue Service MSCC, Memphis, Tennessee and who were denied reasonable accommodations within the meaning of the law, who were subjected to harassment, discrimination, and adverse employment actions including, but not limited to, being denied promotions and raises, being denied the opportunity to be detailed to other positions for which they qualify, being furloughed without consideration of seniority, being reprimanded and terminated, forced into resignation, etc.

Defendant filed a response in opposition to class certification on March 7, 2005 that questioned whether plaintiff has exhausted her class claims. Plaintiff filed a reply on March 14, 2005 in which she argued that she had exhausted her class claims. Subsequently, on April 25, 2005, plaintiff filed a motion seeking class certification.

It is unnecessary to resolve the issue of exhaustion, which cannot be adequately determined on the basis of the documents

3

submitted by the plaintiff, because a pro se plaintiff cannot prosecute a class action. A pro se litigant is not an adequate class representative. Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001) ("In this case no representative party was available because pro se prisoners are not able to represent fairly the class."); Ballard v. Campbell, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); Giorgio v. Tennessee Dep't of Human Servs., No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). The plaintiff is not a licensed attorney, cannot carry insurance, and is not subject to suit by the other class members for any mistakes she may make in handling this case. Other potential class members should not be exposed to the risk that those errors could prejudice their claims and leave them without any remedy.[1] Finally, although the plaintiff's February 22, 2005 filing includes a request for appointment of counsel, it is

---

[1] Moreover, a party in federal court must proceed either through licensed counsel or on her own behalf. See 28 U.S.C. § 1654; see also Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). No pro se plaintiff may sign pleadings on behalf of another plaintiff. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989).

4

not an appropriate use of the limited resources available through the <u>pro</u> <u>bono</u> panel to appoint counsel to handle a potential class action. The motion for class certification is DENIED.

IT IS SO ORDERED this  10th  day of June, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 2:04-CV-02003 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Linda N. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Melody A. E. Winters
3237 Spencer Dr.
Memphis, TN 38115

Honorable Samuel Mays
US DISTRICT COURT