IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 15 PM 4: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MELODY A.E. WINTERS, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 04-2003-Ma/P |
| | X | |
| JOHN W. SNOW, SECRETARY, | X | |
| UNITED STATES DEPARTMENT | X | |
| OF THE TREASURY, et al., | X | |
| | X | |
| Defendants. | X | |
| | X | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, Melody E.A. Winters, has filed a _pro se_ employment discrimination complaint alleging acts of discrimination and reprisal during her employment with the United States Department of the Treasury. The Court issued an order on January 23, 2004 that, _inter alia_, denied appointment of counsel, dismissed all parties except John W. Snow, the Secretary of the Treasury, and authorized service on the remaining defendant. On September 15, 2004, Plaintiff filed a motion for joinder of parties. On October 19, 2004, United States Magistrate Judge Pham issued an order denying plaintiff's motion for joinder. On December 28, 2004, plaintiff filed a motion seeking class certification. On June 13, 2005, the Court denied plaintiff's motion for class certification.

Plaintiff made a second motion for appointment of counsel during the scheduling conference held on June 13, 2005, on the ground that she is disabled within the meaning of the Americans

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-19-05

with Disabilities Act ("ADA"). Contrary to plaintiff's contention, an employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972). A careful review of the ADA and the other relevant statutory authorities indicates that disabled persons have no unique right to the appointment of counsel. Under 28 U.S.C. § 1915(d)[1] and 42 U.S.C. § 2000e-5(f)(1), the Court has the authority to appoint counsel, but this authority lies solely within the discretion of the district court. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent herself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [for determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.")

Plaintiff is capable of preparing her case by conducting factual discovery and providing the Court with the underlying

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989).

2

facts. The issues in this case are not so complex that Plaintiff cannot adequately present her evidence and argument without assistance of counsel. Plaintiff has filed numerous pleadings and made required court appearances. Accordingly, the Court concludes that appointment of counsel is not warranted and Plaintiff's second motion for appointment of counsel is DENIED.

IT IS SO ORDERED this 14th day of July, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 2:04-CV-02003 was distributed by fax, mail, or direct printing on July 19, 2005 to the parties listed.

---

Linda N. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Melody A. E. Winters
3237 Spencer Dr.
Memphis, TN 38115

Honorable Samuel Mays
US DISTRICT COURT